**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **THE DUGAN LAW FIRM, A PROFESSIONAL LAW CORPORATION** | * * * * * * * * * | **CIVIL ACTION NO. 2:21-cv-01106** |
| | | **SECTION "B"** |
| | | **JUDGE IVAN L.R. LEMELLE** |
| **VERSUS** | | |
| | | **MAGISTRATE DIV. "4"** |
| **KURTZMAN CARSON CONSULTANTS, LLC** | | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6),**
**OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE**
**STATEMENT PURSUANT TO RULE 12(e)**
**AND**
**MOTION TO DISMISS PURSUANT TO RULE 12(b)(7)**
**OR FOR JOINDER OF INDISPENSABLE PARTY**

**MAY IT PLEASE THE COURT:**

Kurtzman Carson Consultants, LLC (sometimes referred to herein as "Kurtzman") submits this memorandum in support of its (1) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e), and (2) its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure12(b)(7) or for joinder of an indispensable party.

Kurtzman respectfully submits that dismissal is appropriate under Rule 12(b)(6) because the plaintiff has failed to sufficiently allege a cause of action against Kurtzman for breach of contract and declaratory judgment. In the event the Court finds that dismissal under Rule 12(b)(6) is not warranted, Kurtzman submits that plaintiff should be required to amend and to plead a more definite statement of its claims against Kurtzman under Rule 12(e).

Separately and in addition, Kurtzman submits that the plaintiff has failed to join an indispensable party, KCC Class Action Services, LLC (sometimes referred to herein as "KCC"), the signatory and obligor under the contract at issue in this action for declaratory judgment and breach of contract, and that plaintiff should be ordered to join KCC as a defendant or suffer dismissal of all claims pursuant to Rule 12(b)(7).

## I.  FACTS

The Dugan Law Firm, A Professional Law Corporation (sometimes referred to herein as "Dugan" or "Plaintiff") filed suit against defendant Kurtzman Carson Consultants, LLC, seeking a declaration of the parties' rights and obligations under a contract as well as asserting a claim for breach of contract.[1]

The contract at issue in Plaintiff's declaratory judgment and breach of contact claims is the "KCC Services Agreement" dated June 19, 2015, between the Dugan Law Firm, APLC and KCC Class Action Services, LLC (the "Contract").[2]  Pursuant to the Contract, KCC provided administrative services in support of Dugan's legal representation of clients in connection with various mass tort matters.

Plaintiff seeks a declaratory judgment establishing the amount it owes for certain claims under the terms of the Contract and further declaring that the terms of the Contract are vague and ambiguous, that the Contract was amended or modified by subsequent communications, that the value of services provided pursuant to the Contract must be determined by quantum meruit, and

---

[1]  Petition for Declaratory Judgment, Rec. Doc. 1-1.  Plaintiff filed the petition in the Civil District Court for the Parish of Orleans, State of Louisiana, and Kurtzman removed the action to this Court based on diversity jurisdiction.

[2]  The Contract is attached hereto as Exhibit 1.

that any right under the Contract to collect full fees on all cases has been waived or relinquished.[3] Plaintiff also asserts a claim for breach of contract and seeks an award of damages, including expert and attorney fees.[4]

*Critically, and central to this motion, Plaintiff has not sued the party it contracted with— KCC Class Action Services, LLC.* Instead, Plaintiff improperly named Kurtzman Carson Consultants, LLC as the defendant in this action. Although Kurtzman and KCC are affiliated companies, they have separate corporate identities and support different areas of industry.[5] The allegations of the petition are patently insufficient to state a claim for breach of contract or declaratory judgment against Kurtzman. Additionally, KCC is a necessary and indispensable party, and this action should not be allowed to proceed without its joinder.

## II. ARGUMENT

### A. Plaintiff's claims against Kurtzman should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). All well-pleaded facts must be accepted as true, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the factual allegations in a complaint must afford each defendant "fair notice" of the nature of the claim and the "grounds" upon which the claim rests. *Twombly*, 550 U.S. at 555 n.3.

---

[3] Petition for Declaratory Judgment, ¶ 34 a-e, Rec. Doc. 1-1.

[4] Petition for Declaratory Judgment, ¶¶ 35-46, X, Rec. Doc. 1-1.

[5] Unlike KCC Class Action Services, LLC, Kurtzman Carson Consultants, LLC provides support and services for clients in the area of corporate restructuring/bankruptcy.

The tenet that a court must accept the truth of all allegations in a complaint, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Indeed, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citations omitted). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is not sufficient. *Iqbal*, 556 U.S. at 679.

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the court must limit its inquiry to the facts set forth in the complaint and documents attached to the complaint. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). When a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents. *Id.*, citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). *See also Banks v. Franklin Am. Mortgage Co.,* CV 04-2854, 2005 WL 8174131, at *6 (E.D. La. Apr. 18, 2005), *report and recommendation adopted,* CV 04-2854, 2005 WL 8174130 (E.D. La. July 22, 2005) ("A main factor in directing courts to look solely toward the pleadings when deciding a rule 12(b)(6) motion is the concern that statements outside of the complaint will not provide adequate notice to a plaintiff. Where, as here, the plaintiff has actual notice and has relied upon these documents in framing the complaint, the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46–48 (2d Cir. 1991) ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion."); *Halebian v. Berv*, 644 F.3d 122, 130 n. 7 (2d Cir. 2011) (a court

can consider documents that are in the plaintiff's possession or that plaintiff had knowledge of and relied on in bringing suit.)

Based on the above, while Plaintiff incorrectly alleges that it entered into an agreement with ***Kurtzman***, the agreement at the center of this action is the Contract between Dugan and ***KCC***.[6] This Contract can be considered by the Court in ruling on this motion because Plaintiff has knowledge of it, it is (or at the very least should be) in Plaintiff's possession, and Plaintiff clearly relied on it in bringing this suit. Against this backdrop, it is unclear why Plaintiff named Kurtzman as the defendant instead of KCC. What is clear, however, as outline below, is that the petition fails to state a claim against Kurtzman upon which relief can be granted.

First, the petition does not allege sufficient facts to establish any rights, status or legal relationship vis-à-vis Kurtzman and Dugan or any other facts that would support a claim for declaratory judgment against Kurtzman. Dismissal of this claim is therefore warranted for Plaintiff's failure to satisfy the pleading standard.

In addition, a breach of contract claim under Louisiana law requires a showing that the defendant undertook an obligation to perform, the defendant failed to perform, and the plaintiff sustained damages. *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 68 So.3d 1099, 1108–09 (La. App. 4 Cir. 2011)). Plaintiff cannot satisfy any of these elements as to Kurtzman, and the breach of contract claim against Kurtzman must be dismissed.

**B.     If the Court finds that dismissal is not appropriate under Rule 12(b)(6), it should require a more definite statement of Plaintiff's claims against Kurtzman under Rule 12(e).**

Pursuant to Federal Rule of Civil Procedure 12(e), Kurtzman alternatively moves for a more definite statement on the grounds that Plaintiff's petition is so vague that Kurtzman cannot

---

[6]     *See* Contract, attached as Exhibit 1.

reasonably prepare a response. *See Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."). The factual allegations in a complaint must afford each defendant "fair notice" of the nature of the claim and the "grounds" upon which the claim rests. *Twombly*, 550 U.S. at 555 n.3.

Here, Plaintiff has failed to allege sufficient facts to provide Kurtzman notice of the claims being asserted against it and the grounds upon which such claims are based. If the Court concludes dismissal is not warranted, Plaintiff should be ordered to amend to allege the specific facts, if any, that it claims support a claim for breach of contract against Kurtzman. Plaintiff should also be ordered to amend to clarify the basis for its declaratory judgment against Kurtzman, specifying what rights and obligations vis-à-vis Dugan and Kurtzman are at issue and the basis for those rights and obligations.

    **C.**    **Plaintiff has failed to join an indispensable party and should be ordered to join this party or suffer dismissal of all claims pursuant to Rule 12(b)(7).**

Federal Rule of Civil Procedure 12(b)(7) allows dismissal for failure to join a party under Rule 19. Federal Rule of Civil Procedure 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue" and "further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (footnotes omitted).

A Rule 12(b)(7) analysis entails two inquiries under Rule 19. First, the court must determine if a party is "required" or "necessary" under Rule 19(a). *In re Apple iPhone 3G & 3GS MMS Mktg. & Sales Pracs. Litig.*, 864 F. Supp. 2d 451, 456 (E.D. La. 2012). A party is required or necessary if:

>    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
>    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>       (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>       (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> *Id.*, citing Fed. R. Civ. P. 19(a).

Rule 19(a) requires joinder of necessary parties whenever feasible. *Id*; *see also Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019). Rule 19(a) is mandatory and "recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence." *JMCB, LLC v. Bd. of Com. & Indus.,* CV 17-77-JWD-JCW, 2017 WL 6033407, at *5 (M.D. La. Dec. 5, 2017), citing Fed. R. Civ. P. 19, Notes of Advisory Committee on Rules—1966 Amendment.

When joinder is not feasible because the party is not subject to service of process or if joinder would deprive the court of jurisdiction, under Rule 19(b), the court must then determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *In re Apple iPhone,* 864 F. Supp. 2d at 456, citing Fed. R. Civ. P. 19(b). The factors to be considered under Rule 19(b) include "(1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed." *HS Resources,* 327 F.3d at 439; Fed. R. Civ. P. 19(b).

Federal courts have consistently held that where "interpretation of a contract is at issue, the parties to the contract are necessary parties." *In re Apple iPhone,* 864 F. Supp. 2d at 456, citing *Sch. Dist. of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 303 (6th Cir. 2009); *Siemens Bldg. Techs., Inc. v. Jefferson Parish, No.* 03–2272, 2004 WL 1837386 at *6 (E.D. La. Aug. 16, 2004); *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 75 (2d Cir. 1984) (affirming district court's conclusion that a non-party was an indispensable party under Rule 19(b) where it "possessed rights arising from the agreements at issue which are inextricably intertwined with issues bound to be raised in an action solely against" the named defendant (internal quotations omitted)).

For example, in *JMCB, LLC, supra,* the court found that a party to a contract that was the subject of plaintiff's declaratory judgment action was both a necessary party under Rule 19(a) as well as an indispensable party under Rule 19(b). Addressing Rule 19(a), the court noted that the absent contracting party "certainly has an 'interest relating to the subject of the action'" and that deciding the case in its absence "would be manifestly unjust and certainly qualify as an impairment or impediment to protecting its interest" because it "would essentially be at risk of losing its rights under the contract without any ability to voice an objection." *JMCB, LLC,* 2017 WL 6033407, at *6. Addressing Rule 19(b), the court found the absent contracting party was also indispensable because its absence would be extraordinarily prejudicial, there was no way of lessening that prejudice, and a judgment rendered without the contracting party would be inadequate, as it could bring its own action seeking to validate the contract. *Id*.

Likewise, in *Mann v. Alston Contractors, Inc.*, No. CV 18-9284, 2019 WL 969820, at *5 (E.D. La. Feb. 28, 2019), the court found that the signatory and obligor under a contract is both a necessary and indispensable party to a breach of contract claim.

On a Rule 12(b)(7) motion, "[t]he movant bears the initial burden of demonstrating that an absent person or entity is a required party, but if an initial appraisal of the facts demonstrates the absent person or entity is required, the burden is shifted to the opponent of joinder." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 273 F.R.D. 380, 384-385, (E.D. La. 2011).

As in *JMCB, LLC* and *Mann*, Kurtzman has satisfied its initial burden of demonstrating that KCC is both a necessary and indispensable party to Plaintiff's declaratory judgment and breach of contract claims. KCC is the party to the contract at the center of Plaintiff's claims for declaratory judgment and breach of contract, and thus it has a direct interest in the subject matter of this lawsuit. Plaintiff seeks a judgment declaring that the terms and conditions of its Contract with KCC are vague and ambiguous and have been modified, amended, or waived and further establishing the amounts owed by Dugan to KCC under the Contract. A judgment in this action will undoubtedly affect KCC's rights under the Contract. The interpretation of the Contract and any resolution of these claims in KCC's absence would certainly qualify as an impairment or impediment to protecting its interest under the Contract and would be manifestly unjust and prejudicial, particularly here where the services under the Contract are still being provided. In addition, a judgment rendered in this action without KCC would be inadequate, as KCC could bring its own action seeking to validate the Contract and recover the amounts owed by Dugan.

Based on the foregoing, Kurtzman has met its burden of establishing that KCC is both a necessary and indispensable party under Rule 19. Because KCC can be joined in this action without depriving this Court of jurisdiction, this action should not proceed without its joinder.[7] Further, in

---

[7] The addition of KCC Class Action Services, LLC as a defendant would not destroy diversity jurisdiction. KCC is a limited liability company whose sole member is Kurtzman Carson Consultants, Inc., which is a corporation organized under the laws of Delaware with its principal place of business in El Segundo, California. Consequently, KCC is a citizen of the States of

the event this Court determines joinder of KCC is somehow not feasible, dismissal is warranted under Rule 12(b)(7).

## III. CONCLUSION

Plaintiff has not and cannot plead sufficient facts to support this declaratory judgment and breach of contract action against Kurtzman. Hence, Plaintiff's petition fails to state a claim against Kurtzman and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Plaintiff should be ordered to amend to provide a more definite statement of its claims against Kurtzman pursuant to Rule 12(e).

In addition, KCC is a necessary and indispensable party required to be joined under Rule 19, and Plaintiff should be ordered to join KCC as a defendant or suffer dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7).

Dated: July 6, 2021

Respectfully submitted,

/s/ *Carol W. Reisman*
Carol W. Reisman, T.A. (La. Bar No. 20410)
Nora B. Bilbro (La. Bar No. 22955)
Melanie Derefinko (La. Bar No. 37658)
**LISKOW & LEWIS, APLC**
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:     (504) 581-7979
Facsimile:      (504) 556-4108
Email: cwreisman@liskow.com
            nbilbro@liskow.com
            mderefinko@liskow.com

*Attorneys for Kurtzman Carson Consultants, LLC*

---

Delaware and California and is completely diverse from Plaintiff, a citizen of Louisiana. See Notice of Removal, p.3 n.1, Rec. Doc. 1.

-11-

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 6, 2021, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

              /s/ *Carol W. Reisman*