```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA
```

**THE DUGAN LAW FIRM,**                                **CIVIL ACTION**
**A PROFESSIONAL LAW CORPORATION**

**VERSUS**                                             **NO. 21-1106**

**KURTZMAN CARSON CONSULTANTS, LLC**                   **SECTION "B"(4)**

<u>ORDER</u>

Considering plaintiff and counterclaim-defendant, The Dugan Law Firm ("DLF")'s re-urged motion to continue trial and reset unexpired pretrial deadlines (Rec. Doc. 131), DLF's motion for expedited consideration (Rec. Doc. 132), defendant and counterclaim-plaintiff Kurtzman Carson Consultants ("KCC")'s opposition (Rec. Doc. 134), KCC's request for oral argument (Rec. Doc. 135), DLF's reply (Rec. Doc. 143), and parties' joint motion to set status conference (Rec. Doc. 106),

**IT IS ORDERED** that the motion for expedited consideration (Rec. Doc. 132) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the motion to continue trial and reset unexpired pretrial deadlines (Rec. Doc. 131) is <u>**DENIED**</u>. Fed. R. Civ. P. 16(b)(4) requires good cause and the judge's consent to modify a scheduling order. *See also Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Prot., Inc. v. Folgeman*, 607 F.3d 161, 167 (5th Cir. 2010)) (noting four factors for good cause under Rule 16).

On March 1, 2023, the Court denied DLF's motion to continue

1

(Rec. Doc. 121) but allowed DLF to re-file another motion, no later than March 6, 2023, which includes "a detailed timeline of how DLF timely anticipates meeting remaining deadlines, and include a commitment to a pre-trial and trial date, certified by counsel." Rec. Doc. 130. Further, the order noted: "Upon the filing of such a motion with the required certifications, the Court **may** extend only unexpired deadlines in the scheduling order as of the filing of the instant motion to continue on February 28, 2023." Rec. Doc. 121 (emphasis added).

DLF's motion included the requested timeline and commitment Rec. Doc. 131-1. However, we remind parties that this case has been pending before this Court since **June 8, 2021** (Rec. Doc. 1), the Court previously granted **two motions to continue** (Rec. Docs. 34, 70)[1], the Court already ruled on dueling motions for partial summary judgment (Rec. Doc. 103) and continues to rule on other dispositive motions, and this is not a particularly complex matter. DLF contends good cause exists due to a burdensome amount of discovery and challenges posed by cross-country depositions, but parties have known about these deadlines since September 13, 2022.[2] Rec. Doc. 71. The Court cannot, and will not, continue this case forever.

---

[1] On January 23, 2023, the Court also granted a third but limited four-week continuance of only the filing deadline for motions in limine that challenge the admissibility of expert witness evidence to Tuesday, April 11, 2023. Rec. Doc. 104.

[2] KCC's opposition argues DLF delayed its review and production of documents, the delay has impacted deposition discovery moving

Accordingly, **all deadlines established by Rec. Docs. 71 and 104 remain intact.** Cognizant of Fed. R. Civ. P. 1's directive, the Court directs parties to strive to secure "the just, speedy, and inexpensive determination" of this action **with good faith cooperative action. We also remind parties that sanctions will issue for inexcusable misconduct.**

**IT IS FURTHER ORDERED** that parties' joint motion to set status conference (Rec. Doc. 106) **and** KCC's request for oral argument regarding the instant motion to continue (Rec. Doc. 135) are **DENIED.**

New Orleans, Louisiana this 7th day of March, 2023

SENIOR UNITED STATES DISTRICT JUDGE

---

forward, and rather than focusing on discovery, DLF instead prioritized its motion for reconsideration (Rec. Doc. 110) and second motion for partial summary judgment (Rec. Doc. 111). Rec. Doc. 134.